UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHAROAH V. MORRIS,

        Plaintiff,

v.                                      Case No. 05-C-0458

LETITIA LEY, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Pharoah V. Morris, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Waupun Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $250.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $68.68. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the full filing fee at this time. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421

2

(1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff's complaint runs no less than 145 pages. Amidst a great many irrelevant allegations the court discerns three viable claims. The first is that on September 5, 2003, the plaintiff was attacked by another inmate. This inmate had previously attacked the plaintiff and threatened to kill him. Defendants Ley, Ankarlo, Core, and Knapp were aware of the previous attack and/or threats and took no action to protect the plaintiff. These actions might violate the plaintiff's Eighth Amendment rights. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

The second viable claim arises from a 180-day disciplinary segregation that was imposed on the plaintiff. Defendant Fuerstenberg, plaintiff's advocate at his disciplinary hearing, allegedly failed to present important evidence in his defense. Defendant McCaughtry, to whom plaintiff appealed his disciplinary sentence, allegedly refused to reverse it despite this unfairness. These actions might amount to a violation of the plaintiff's rights under the due process clause of the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

The third viable claim is that the plaintiff became ill after being placed in an unsanitary cell in the Columbia Correctional Institution. Defendants Eriksons, Doama, Higbee, Nickles, and Nelson allegedly had knowledge that the cell was unsanitary but refused to transfer the plaintiff to a different cell. These actions may violate the plaintiff's Eighth Amendment rights. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

As it stands, the complaint violates Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [and] a demand for judgment for the relief the pleader seeks."). When a complaint fails to satisfy the requirements of Fed. R. Civ. P. 8(a), an appropriate remedy is to dismiss the complaint but to give the plaintiff leave to re-plead. *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 649 n. 5 (7th Cir. 1997). The court will do so here. If plaintiff chooses to re-plead, he should set forth only allegations relating to the three viable claims identified above. Each relevant allegation should be set forth only once.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED.**

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $181.32 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**FURTHER, IT IS ORDERED** that plaintiff's claims against Defendants O'Donovan, Clement, Harding, Strahota, Melcher, Aldrich, Polinske, Schmit, Aguire, Schueler, Kinick, and Brown are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that plaintiff's claims against Defendants Ley, Ankarlo, Core, Knapp, Fuerstenberg, McCaughtry, Eriksons, Doama, Higbee, Nickles, and Nelson are

4

**DISMISSED**, without prejudice, because they fail to set forth a short and plain statement of plaintiff's claims showing that plaintiff is entitled to relief.

**IT IS ORDERED, HOWEVER**, that plaintiff may file an amended complaint within thirty (30) days of the date of this Order. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to any prior pleadings. *See* Civil L. R. 15.1. The plaintiff must file an original and two copies of the amended complaint.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this   10th   day of June, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge