UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHAROAH V. MORRIS,

    Plaintiff,

v.                                                                        Case No. 05-C-0458

LETITIA LEY, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Pharoah V. Morris, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Waupun Correctional Institution. He has been granted leave to proceed *in forma pauperis* in this case.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

On June 10, 2005, the court dismissed plaintiff's first complaint for failure to comply with Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [and] a demand for judgment for the relief the pleader seeks."). Plaintiff has filed an amended complaint that, while perhaps not short and plain, is manageable in length and comprehensible in substance. The complaint essentially makes three claims. The first is that on September 5, 2003, the plaintiff was attacked by another inmate. This inmate had previously attacked the plaintiff and threatened to kill him. Defendants Ley, Ankarlo, Core, and Knapp were aware of the previous attack and/or threats

and took no action to protect the plaintiff. These actions might violate the plaintiff's Eighth Amendment rights. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

The second claim arises from a 180-day disciplinary segregation that was imposed on the plaintiff. Defendant Fuerstenberg, plaintiff's advocate at his disciplinary hearing, allegedly failed to present important evidence in his defense. Defendant McCaughtry, to whom plaintiff appealed his disciplinary sentence, allegedly refused to reverse it despite this unfairness. These actions might amount to a violation of the plaintiff's rights under the due process clause of the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

The third claim is that the plaintiff became ill after being placed in an unsanitary cell in the Columbia Correctional Institution. Defendants Eriksons, Doama, Higbee, Nickles, and Nelson allegedly had knowledge that the cell was unsanitary but refused to transfer the plaintiff to a different cell. These actions may violate the plaintiff's Eighth Amendment rights. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Because plaintiff has set forth cognizable constitutional or federal claims, the case will proceed.

Plaintiff has also filed a "Motion of Notice of Objections/Motion to Alter or Amend Judgment." The court construes this document as a motion for reconsideration and/or clarification of the court's Order of June 10, 2005, which dismissed plaintiff's first complaint without prejudice and with leave to amend. Plaintiff complains that the court improperly dismissed many of the claims he asserted in his original complaint without giving him an opportunity to respond. That was not the court's intent. Plaintiff's original complaint was dismissed for failure to comply with Fed. R. Civ. P. 8(a), as noted above. In dismissing his complaint, I noted the three claims I was able to discern in the 145-page complaint he submitted, but did not intend to preclude him from including

3

others that might exist in an amended complaint. In order to do so, however, he must provide "a short plain statement of the claim," Fed. R. Civ. P. 8(a), not a autobiographical history of his stay in prison. In any event, to the extent my earlier order can be read as dismissing with prejudice any viable claim plaintiff may have, that portion of the order is vacated. If, as a result of my earlier order, plaintiff has abandoned claims, he may file and amended complaint setting forth those claims in a clear, but concise, amended pleading.

It should also be noted that a complaint need not state the legal theories under which a plaintiff seeks to recover. *Shah v. Inter-Continental Chicago Hotel Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002). The complaint states the facts that show that the plaintiff is entitled to relief. The court's citation to cases and constitutional provisions in its screening orders serves merely to show that the facts in plaintiff's complaint plausibly state a claim for recovery under some legal theory. Neither the court's Order of June 10 nor this order limits the plaintiff to the legal theories adverted to by the court.

Plaintiff has also filed a motion for appointment of counsel. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent him, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. *Id.* at 1072-73. Once the plaintiff has established that his reasonable efforts to obtain counsel were unsuccessful, I may consider a nonexhaustive list of five factors:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Id.* at 1072.

It appears plaintiff has attempted to obtain private counsel. Attached to his affidavit in support of his motion are rejection letters from five attorneys. Despite this fact, however, I decline to appoint counsel at this time. The defendants have not yet responded to plaintiff's complaint, and it is not clear whether his claims have sufficient merit to warrant court-appointed counsel. Moreover, the legal issues presented by this case are not exceptionally complex, and the plaintiff's filings to date, while unnecessarily verbose, reveal an above-average grasp of law relevant to pro se prisoner litigation. Plaintiff appears to have gathered the facts essential to his claims without the assistance of counsel; he was a first-hand witness to all of them. In short, there is no indication that the extraordinary step of appointment of counsel would be appropriate in this case. In the event the circumstances change, I will reconsider plaintiff's request, but at this stage of the proceedings, I am satisfied his motion should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (Docket #3) is hereby **DENIED.**

**IT IS ALSO ORDERED** that plaintiff's "Motion of Notice of Objections/Motion to Alter or Amend Judgment" (Docket #13) is **GRANTED** in that to the extent the initial screening order can be read as dismissing any viable claim with prejudice, it is vacated and plaintiff may file an amended complaint adding additional claims.

5

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed in forma pauperis, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this __8th__ day of July, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
