UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHAROAH V. MORRIS,

    Plaintiff,

v.                                                Case No. 05-C-0458

LETITIA LEY, *et al.*,

    Defendants.

**ORDER**

        Plaintiff Pharoah V. Morris has filed a motion for an extension of the time for service and two motions that the court will construe as motions to appoint counsel. For the following reasons, the first motion will be granted and the latter two will be denied.

        Fed. R. Civ. P. 4(m) requires service of a complaint within 120 days of filing. Plaintiff moved for an extension within 120 days of the filing of the operative complaint. He states that he has not been able to locate all of the defendants. The court will grant plaintiff sixty days from the date of this Order to locate and to serve the remaining defendants.

        Plaintiff also seeks reconsideration of the court's Order of July 8, 2005, which denied his first motion for appointment of counsel. In that Order, the court explained that

> it is not clear whether [plaintiff's] claims have sufficient merit to warrant court-appointed counsel. Moreover, the legal issues presented by this case are not exceptionally complex, and the plaintiff's filings to date, while unnecessarily verbose, reveal an above-average grasp of law relevant to pro se prisoner litigation. Plaintiff appears to have gathered the facts essential to his claims without the assistance of counsel; he was a first-hand witness to all of them. In short, there is no

indication that the extraordinary step of appointment of counsel would be appropriate in this case.

(Order of July 8, 2005 at 5.) Nothing in plaintiff's latest filings alters the court's assessment.

Appointment of counsel is an extraordinary measure. Civil litigants, indigent or not, are ordinarily expected to secure counsel on their own or to represent themselves as best they can. Virtually every pro se party believes that he could better present his case with the assistance of an attorney. Even if that is true, the court will not appoint counsel unless the party demonstrates "the merits of [his] claim for relief." *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). For a pro se plaintiff, this typically would entail showing, in response to a motion for summary judgment, that the plaintiff's claims have enough merit that a reasonable jury could find in his favor. Even, then, appointment of counsel is not guaranteed.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion to Extend Time to Serve Process" (Docket #50) is hereby **GRANTED.** Plaintiff shall have sixty (60) days from the date of this Order to effect service upon the defendants not yet served.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Reconsideration for the Appointment of Counsel" (Docket #49) and "Motion for Objection and Response to Methods to Discover Additional Matter" (Docket #54) are **DENIED.**

Dated this   23rd   day of December, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge