UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHAROAH V. MORRIS,

    Plaintiff,

  v.                                       Case No. 05-C-0458

LETITIA LEY, *et al.,*

    Defendants.

**ORDER**

Plaintiff Pharoah V. Morris lodged this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On July 8, 2005, he was permitted to proceed *in forma pauperis* on claims under the Eighth and Fourteenth Amendments. This order addresses the following motions: (1) the plaintiff's motions to compel; (2) the plaintiff's motion for relief; (3) the plaintiff's motion for sanctions; (4) the plaintiff's motion to stay the summary judgment proceedings; and (5) the defendants' motion to dismiss.

### I.    PLAINTIFF'S MOTIONS TO COMPEL

**A.    February 13, 2006 Motion to Compel**

On February 13, 2006, the plaintiff filed a motion to compel the defendants to respond to his April 21, 2005, discovery requests. Under Fed.R.Civ.P. 37, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(2) and (3). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v.*

*Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Fed. R. Civ. P. 26(b)(1).

Although Fed. R. Civ. P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. *See* Civ. L.R. 37.1 (E.D. Wis.). If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." *Id*. If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id.*

A thorough review of the plaintiff's request reveals that it is deficient for several reasons. First, the plaintiff has not indicated that he has personally consulted with the defendants as required under Civil L.R. 37.1 and Fed. R. Civ. P. 37. Instead, he states: "the plaintiff will now attempt to confer with the defendants with out (sic) court action in hopes to have the defendant provide this plaintiff acting pro se, with a moe (sic) complete/direct answers or response." (Pl.'s Mot. to Compel of February 13, 2006, at 1).

Second, the plaintiff has not provided the court with a copy of the defendants' allegedly deficient responses. Rather, he outlines his objections to the defendants' responses in a conclusory fashion. For example, the plaintiff states:

2

> (2) In request No. 17, the response is evasive, misleading, incomplete, and a failure to disclose, as this plaintiff's specific request directly involves actions complained of in the plaintiff's cause of action section...See Count I, and II.

(Pl.'s Mot. to Compel of February 13, 2006, at 2). From this information, the court cannot determine whether the defendants' responses are evasive or misleading, or if they otherwise run afoul of Fed. R. Civ. P. 37. Accordingly, the plaintiff's motion to compel must be denied.

**B.     February 21, 2006 Motion to Compel**

On February 21, 2006, the plaintiff filed a motion to compel requesting that the defendants provide him with copies of his medical records.[1] His motion does not include a signed statement indicating that he personally consulted with the defendants before filing his motion to compel. *See* Civil L.R. 37.1; Fed. R. Civ. P. 37(a)(2)(A). Moreover, the plaintiff has given no indication as to why he is unable to obtain copies of his medical records on his own. *See* Fed. R. Civ. P. 26(b)(2)(the court may limit discovery where "the discovery sought ... is obtainable from some other source that is more convenient, less burdensome, or less expensive."). Therefore, the plaintiff's motion to compel will be denied.

**C.     February 27, 2006 Motion to Compel**

On February 27, 2006, the plaintiff filed a motion to compel the defendants to produce documents associated with his April 21, 2005, interrogatories, requests for documents and requests for admissions. Fed. R. Civ. P. 34(a) provides that "a party may serve on any other party a request to produce . . . any designated documents . . . which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the

---

[1] As will be discussed, *infra,* the plaintiff attached to this motion a copy of a signed medical authorization form allowing the defendants to access his medical and mental health records.

3

request is served." The request shall set forth the items to be inspected with "reasonable particularity." Fed. R. Civ. P. 34(b). In addition, the request shall "specify a reasonable time, place and manner of making the inspection and performing the related acts." *Id.*

An inspection of the plaintiff's request reveals that he failed to identify with particularity the documents he wants the defendants to produce. Specifically, the plaintiff has not provided the court with a copy of the defendants' responses to his discovery requests. Nor has he identified the documents the defendants have produced thus far and those they have not. Therefore, it is nearly impossible to ascertain which documents the plaintiff seeks to have produced. This determination is complicated by the fact that the plaintiff's April 21, 2005, interrogatories, request for production of documents and requests for admissions posit approximately 70 discovery requests. (*See* Plaintiff's "Request for Documents," "Request for Admissions," and "Interrogatories and Request for Production of Documents."). For these reasons, the plaintiff has failed to satisfy the first prong of Fed. R. Civ. P. 34(b).

Further, the plaintiff has not specified the time, place and manner for making the inspection. *See Langley by Langley v. United Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997)(a Rule 34 request "should be accompanied by a suggestion of a time and place for inspection."). The court appreciates that the plaintiff's incarceration may present a challenge to satisfying this requirement. However, the plaintiff could have suggested an appropriate time and place for his designee or representative to inspect the defendants' documents. This he has failed to do. In light of the foregoing, the plaintiff's motion to compel shall be denied.

## II. PLAINTIFF'S MOTION FOR RELIEF

On April 24, 2006, the plaintiff filed a "Motion to Award Mandatory Entitled Expenses Including a Reasonable Attorney Fee From Losing Party in Motion to Compel." (*See* Doc. # 95).

In particular, the plaintiff desires to be compensated $150.00 per hour for the 60 hours he spent "opposing the defendants in this matter," as well as 15% of this hourly rate to reimburse him for his expenses. *Id.* Fed. R. Civ. P. 34(a)(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially unjustified, or that other circumstances make an award of expenses unjust.

In this case, the plaintiff has not prevailed on his motions to compel. Thus, an award of expenses is not warranted. In addition, the Court of Appeals for the Seventh Circuit has held that a *pro se* plaintiff in a civil rights action is not entitled to an award of attorney's fees where the party was not an attorney. *Smith v. DeBartoli*, 769 F.2d 451 (7th Cir. 1985). Therefore, the plaintiff's motion for attorney fees and expenses will be denied.

### III.  PLAINTIFF'S MOTION FOR SANCTIONS

On April 25, 2005, the plaintiff filed a motion to impose sanctions on the defendants. Federal Rule of Civil Procedure 37(b) authorizes the court in which an action is pending to impose sanctions against a party who fails to obey a court order regarding discovery. In this case, however, the court has not issued a discovery order with which the defendants have failed to comply. Thus, the plaintiff's motion for Rule 37 sanctions must be denied.

### IV.  PLAINTIFF'S MOTION TO STAY

On June 13, 2006, the plaintiff filed a motion to stay the summary judgment proceedings. Specifically, he avers that the court should stay the summary judgment proceedings until a ruling has been made with respect to his motions to compel. As discussed, the plaintiff's motions to

5

compel have been denied. Thus, a stay is unnecessary. Accordingly, the plaintiff's motion to stay the summary judgment proceedings will be denied.

## V. DEFENDANTS' MOTION TO DISMISS

On February 15, 2006, the defendants filed a motion to dismiss. The defendants's sole argument in support of their proposition is that the plaintiff has put his physical and mental health at issue but refuses to authorize the release of his medical records. As noted, on February 21, 2006, the plaintiff sent the defendants a signed copy of the medical authorization form that the defendants requested he sign. (*See* Doc. # 82). The defendants have not indicated that this authorization is deficient. Indeed, it appears that the defendants have accessed the plaintiff's medical records and used information contained therein as a basis for their motion for summary judgment. (*See* May 30, 2006, Affidavit of Andrea Nelson, Ph.D.). Therefore, their motion to dismiss based on the plaintiff's failure to provide them access to his medical records has been rendered moot. Accordingly, the defendants' motion to dismiss shall be denied.

As a final matter, the court notes that there is currently pending the defendants' May 3, 2006, motion for summary judgment. The plaintiff filed his response to the defendants' motion on August 21, 2006. The defendants have been granted an extension of time until September 29, 2006, in which to file their reply. Thus, a decision on the defendants' motion for summary judgment is forthcoming.

**THEREFORE, IT IS ORDERED** that the plaintiff's motion to compel (Doc. # 77) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Doc. # 82) is **DENIED.**

**IT IS ALSO ORDERED** that the plaintiff's motion to compel (Doc. #83) is **DENIED.**

6

**IT IS ORDERED** that the plaintiff's motion for relief (Doc. # 95) is **DENIED.**

**IT IS ORDERED** that the plaintiff's motion for sanctions (Doc. # 98) is **DENIED.**

**IT IS ORDERED** that the plaintiff's motion to stay (Doc. # 122) is **DENIED.**

**IT IS ORDERED** that the defendants' motion to dismiss (Doc. # 78) is **DENIED.**

Dated this   7th   day of September, 2006.

                                                      s/ William C. Griesbach
                                                      William C. Griesbach
                                                      United States District Judge

7

Case 1:05-cv-00458-WCG   Filed 09/07/06   Page 7 of 7   Document 144