UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHAROAH V. MORRIS,

        Plaintiff,

  v.                                                Case No. 05-C-458

LETITIA LEY, et al.,

        Defendants.

**ORDER**

Plaintiff Pharoah Morris has filed a motion requesting the court to clarify its Order of December 5, 2006. More specifically, plaintiff asks the court to clarify which defendants remain on his Eighth Amendment conditions of confinement claim. In his third amended complaint, which is the operative complaint in this case, plaintiff raised an Eighth Amendment claim that defendants Ericksons, Douma, Higbee, Nickel, Nelson, and an unnamed first shift sergeant refused to transfer plaintiff from an unsanitary cell smeared with human feces. (Third Am. Compl. at 43.) After plaintiff claimed to have identified the sergeant as Sergeant Delong of the Columbia Correctional Institution ("CCI"), I ordered service upon Delong (and other newly identified defendants). (Order of March 2, 2006.) Defendant Delong waived service shortly thereafter. (Dkt. # 89.)

The confusion arises from the Order granting in part and denying in part defendants' motion for summary judgment. (Order of December 5, 2006.) When introducing and summarizing plaintiff's Eighth Amendment conditions of confinement claim, I omitted Delong from the list of defendants allegedly responsible for exposing him to the conditions. (*E.g.*, December 5, 2006,

Order at 2, 28.) However, when discussing this claim in greater depth, I did include Delong—and properly so—among that group. (*E.g., id.* at 22, 24.) As I noted in the Order, plaintiff contends he spoke with defendants Ericksons, Douma, Higbee, Nickel, Nelson, and Delong at his cell door regarding the conditions of his confinement and that these defendants observed the conditions of his cell. (*Id.* at 24; *see also* Pl.'s Aff. ¶¶ 44, 50, 55, 61.) Although defendants stated they did not recall plaintiff's complaints about his cell conditions, I concluded plaintiff had raised a genuine issue of material fact as to this claim, making summary judgment inappropriate. The court's omission of Delong from the group of defendants allegedly liable for the conditions of confinement claim was a clerical error.[1]

The Order of December 5, 2006, is therefore amended as follows: Defendants' motion for summary judgment is denied as to plaintiff's Eighth Amendment claim against defendants Douma, Nickel, Nelson, Higbee, and Delong concerning the conditions of his cell while confined in segregation at CCI between October 13 and October 23, 2003.[2] The Order of December 5, 2006, is otherwise unchanged.

    **SO ORDERED** this   24th   day of May, 2007.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

---

[1] Defendants note that in the court's screening order of July 8, 2005, Delong was not among the defendants against whom Morris was allowed to proceed with his Eighth Amendment conditions of confinement claim. That, too, was a clerical error, as Morris had listed the unnamed first-shift sergeant among those allegedly responsible for that claim in the complaint then being screened. (*See* First Am. Compl. at 41.) Delong, of course, would not have been listed by name at that juncture, given that Morris had yet to identify him.

[2] The Order of December 5, 2006, also denied the motion for summary judgment as to defendant Ericksons, who had not been served. It appears Ericksons has still not been served.