UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHAROAH V. MORRIS,

        Plaintiff,

  v.                                                        Case No. 05-C-458

LETITIA LEY, et al.,

        Defendants.

**ORDER**

Plaintiff Pharoah Morris, an inmate in the Wisconsin Prison System, filed this pro se civil rights action against various employees of the Department of Corrections, alleging that the conditions of his confinement violated his constitutional rights. Following the defendants' motion for summary judgment, the only claim that remains is plaintiff's Eighth Amendment claim regarding the conditions of his confinement in the Segregation Unit at Columbia Correctional Institution, in which he was held for a ten-day period in October of 2003. On February 22, 2007, the court appointed counsel to represent Morris. Due to a breakdown in the attorney/client relationship, counsel requested and was granted leave to withdraw on August 27, 2007. Thereafter, the defendants requested and were granted leave to take Morris' deposition. Morris has also requested appointment of new counsel and now seeks a stay of his deposition. In support of his request for a stay, Morris states that he is presently in segregation and has none of his legal files or property available. He states that without his materials he will be unable to recall the events that transpired four years ago. In addition, he notes that he is without counsel is awaiting this court's appointment of new counsel for him.

Morris' requests, both for counsel and for a delay in his deposition, will be denied. Given the previous appointment of counsel and counsel's withdrawal based upon the breakdown of the attorney/client relationship, the court is not confident that another attorney would be willing to take the case. In addition, upon further review of the case, the court is satisfied that Morris will be able to perform a sufficient job to represent himself. The remaining claim involves a relatively short period of time in which Morris was allegedly confined in conditions which he claims violate his Eighth Amendment right against cruel and unusual punishment. Morris, of course, has personal knowledge of the conditions under which he was kept. In addition, whatever witnesses there may be to his pleas and his request have already been identified by him. He has successfully represented himself thus far. Given the relatively straight-forward nature of the claim that remains, the court is satisfied that he can continue to do so. Moreover, the attorney that the court previously appointed has agreed to serve as standby counsel should the matter proceed to trial. Under these circumstances, I conclude that Morris' request for appointment of new counsel should be denied.

I also conclude that his request to delay the taking of his deposition should be denied. The fact that he may not recall all of the events that occurred without notes or records may pose a difficulty for the defendants, but it does not absolve Morris of his obligation to appear and truthfully answer questions to the best of his ability. If he does not recall certain details concerning the events in question, he can simply indicate his lack of recollection. If he believes that documents that he does not presently have access to would assist him in recalling the answer to the questions asked, he can indicate that as well. The fact that he does not have access to his legal materials, however, is simply not relevant or material. The purpose of a deposition is to discover the facts, not the law. For these reasons, his request to delay his deposition will be denied.

Finally, also pending before the court is plaintiff's motion to substitute Officer M. Isaacson for the current unserved defendant, CO II Ericksons (sic).  Defendants have now responded to plaintiff's motion indicating that they have no objection, assuming that an amended complaint is filed naming Isaacson as an additional party and dropping Erickson.  Defendants also indicate that Officer Isaacson should be personally served and have an adequate opportunity to respond and file whatever dispositive motions are appropriate.

Based upon the foregoing, the court hereby grants the plaintiff's motion to substitute Isaacson for Erickson.  Rather than require Morris to file an amended complaint at this time, I will, as discussed at the August 27 hearing, direct the clerk to take Morris' last complaint and replace Erickson's name with Isaacson's in the claim that remains.  The United States Marshall will be directed to serve Isaacson with a copy of the complaint pursuant to Fed. R. Civ. P. 4.  Officer Isaacson will then be granted the statutory time to respond and leave to file whatever dispositive motions may be appropriate.

In sum, plaintiff's motion for appointment of counsel and for a delay in his deposition are **DENIED**.  Plaintiff's motion to add a party in the form of an amended complaint is hereby **GRANTED**.  The U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4.

Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service.  28 U.S.C. § 1921.  The current fee for waiver-of-service packages is $8.00 per item.  The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3).  Even though Congress requires the court to order service by the U.S. Marshals Service when an

3

impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**SO ORDERED** this     20th     day of September, 2007.

                                                   s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge