UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHAROAH V. MORRIS,

        Plaintiff,

v.                                                              Case No. 05-C-458

LETITIA LEY, et al.,

        Defendants.

## ORDER

      Plaintiff Pharoah V. Morris has filed a motion in the above matter requesting that the court defer ruling on defendants' pending motion for summary judgment and grant Morris additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(f). Morris has also requested that the court appoint an expert witness pursuant to Fed. R. Evid. 702(a) to testify as to the extent the alleged conditions of Morris' prison cell would have presented a risk of infection and resulted in psychological harm. Both motions will be denied.

      "Rule 56(f) is not meant to be a shield for a party to block summary judgment by offering only vague assertions or generalities that further discovery would develop genuine issues of material fact." *Moore v. J.T. Roofing, Inc.*, 94 Fed. Appx. 377, 379-80 (7th Cir. 2004). It "provides for comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion, rather than Rule 26, which provides for broad pretrial discovery." *First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 265 (1968). To avail himself of Rule 56(f), Morris must indicate the "specific controverted factual issue that he would be able to present" if the

requested discovery were allowed. *Woods v. City of Chicago*, 234 F.3d 979, 991 (7th Cir. 2000). However, he has failed to demonstrate how the discovery he seeks would generate any genuine issue of material fact. *See Woods*, 234 F.3d at 990.

The only factual issue Morris claims the requested discovery would address is the state of mind of the defendants during the relevant time period. He claims this could be determined from his own medical records and other "confidential files." However, defendants' motion alleges there is no evidence that Morris' cell was unsanitary or smeared with feces, and that Morris undisputedly had the opportunity to clean his cell. It also claims defendants are entitled to qualified immunity. The defendants' subjective state of mind is irrelevant to these three issues. *See Kompare v. Stein*, 801 F.2d 883, 887 (7th Cir. 1986) (holding that to establish qualified immunity, "the standard the defendant must meet is an objective, rather than subjective, one."); *Bates v. Jean*, 745 F.2d 1146, 1151 (7th Cir. 1984) ("Under the doctrine of qualified immunity the central question is whether the conduct complained of violated clearly established constitutional or statutory rights. No other circumstances are relevant.")(internal citation omitted). Furthermore, defendants have submitted evidence that Morris was allowed to review his entire medical file on more than one occasion. (Halterman Aff. ¶¶ 4-12, Dec. 11, 2007.)

Morris also seeks time to conduct broad discovery into the identification and whereabouts of other inmates, as well as prison staff and visitors, copies of Department of Correction regulations, "personal statements" of witnesses, log books, and other documents. He does not explain how these materials are necessary to his response to the defendants' motion. His vague statement that further discovery would allow "the possibility of obtaining admissions" from witnesses is insufficient. (Morris Aff. ¶ 5, Dec. 11, 2007.) "[S]peculation that [defendants] must possess unspecified additional information is not sufficient grounds to embark upon a virtually boundless

2

fishing expedition." *Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1198 (7th Cir. 1991); *see Grayson v. O'Neill*, 308 F.3d 808, 816-17 (7th Cir. 2002). Moreover, it is unlikely that the individuals Morris seeks to identify and obtain statements from would recall the conditions of his cell during a ten day period of time over four years ago. The court has discretion to deny a Rule 56(f) motion that would constitute a "fishing expedition" for additional evidence. *Grayson v. O'Neill*, 308 F.3d 808, 816-17 (7th Cir. 2002).

Some of the discovery Morris requests pertains to his transfer, although the court has informed Morris he may not proceed with a claim that his transfer violated due process. (Court Order December 5, 2007, Docket #138, 4-5.) Information regarding Morris' transfer is clearly irrelevant. For these reasons, I conclude that Morris' request that the court defer ruling on the summary judgment motion should be denied.

I also conclude that his request to appoint an expert witness should be denied. Rule 706 provides that "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(a). The rule gives "district courts discretion to appoint an impartial expert witnesses in a civil case to assist the court in evaluating complex scientific evidence." *Freeman v. Berge*, 2003 WL 23315888, *1 (W.D. Wis. 2003). In that instance, the court may apportion the costs of the expert. *Ledford v. Sullivan*, 105 F.3d 354, 361 (7th Cir. 1997). Like the plaintiff in *Freeman*, however, Morris "is asking the court to obtain expert testimony to assist him in presenting his claim, rather than to assist the court to evaluate conflicting evidence. . . . [T]he funds to pay for his expert are not available under 28 U.S.C. § 1915 and are not compelled" under Rule 706. Accordingly, Morris' request to appoint an expert witness will be denied.

3

In sum, Morris' motion requesting that the court defer ruling on defendants' pending summary judgment motion is **DENIED**. Morris is reminded that any response in opposition to defendants' motion must be filed by January 2, 2008. Morris' motion to appoint an expert witness is also **DENIED**.

**SO ORDERED** this   20th   day of December, 2007.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge