UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

PHAROAH V. MORRIS,

    Plaintiff,

v.                                                                     Case No. 05-C-458

LETITIA LEY, *et al.*,

    Defendants.

## ORDER

Plaintiff Pharoah Morris, an inmate in the Wisconsin prison system, proceeds pro se in this civil rights case under 42 U.S.C. § 1983. Defendants filed a motion in which they seek an order indicating that some of their exhibits are properly authenticated and admissible under the Federal Rules of Evidence. (Doc. # 330.) Defendants contend that because their Exhibit Numbers 1000-1006, 1032-1033, 1045, 1053, and 1054 are accompanied by certification statements, the exhibits are properly authenticated, reliable and admissible, making it unnecessary for them to call witnesses at trial to prove authenticity.[1]

Under the hearsay exception contained in Fed. R. Evid. 803(8), the exhibits at issue could be admissible as public records and reports. But the Court is unable to determine relevance and whether or not the documents lack trustworthiness at this point, making a definitive ruling on admissibility premature.

---

[1] With the exception of Defendants' Exhibit 1053, The certification statements attached to the motion contain the same exhibit numbers as those the defendants address in this motion. The Court assumes that the certification statement is simply the first page of each exhibit. In the case of Defendants' Exhibit 1053, the document appears to be the first page of an authorization from plaintiff for use and disclosure of his protected health information. Since this document is not accompanied by a certification statement, the Court will withhold ruling on its authenticity.

As to authentication, which is a precondition to admissibility, *see* Fed. R. Evid. 901(a), the Court is satisfied that the certifications provided by defendants meet the requirements of Fed. R. Evid. 902(4). Thus, defendants need not call the custodians of the documents to provide testimony to authenticate Exhibit Numbers 1000-1006, 1032-1033, 1045 and 1054.

The parties are advised that the Court makes this tentative ruling without a response from the plaintiff, given the short amount of time remaining before trial commences on February 8, 2010 and counsel's need to determine which witnesses to call. If plaintiff objects to this ruling, the Court will reconsider its ruling at that time.

**THEREFORE, IT IS ORDERED** that defendants' motion [Doc. # 330] is granted in part and denied in part. Because Defendants' Exhibit Numbers 1000-1006, 1032-1033, 1045 and 1054 are accompanied by a certification statement, the Court concludes that such extrinsic evidence is sufficient to demonstrate that the documents are self-authenticating under Fed. R. Evid. 902(4). The Court makes no ruling as to the admissibility of the documents at this time, or the authenticity of Defendants' Exhibit 1053.

Dated this   26th   day of January, 2010.

  s/ William C. Griesbach
William C. Griesbach
U.S. District Court Judge